**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY, as Plan Administrator and on Behalf of THE PROCTER & GAMBLE PROFIT SHARING TRUST AND EMPLOYEE STOCK OWNERSHIP PLAN and THE PROCTER & GAMBLE SAVINGS PLAN** | |
| **Plaintiff,** | **Case No. 3:17-cv-00762-ARC** |
| | **Honorable A. Richard Caputo** |
| **vs.** | |
| **ESTATE OF JEFFREY ROLINSON, Deceased, and MARGARET M. LOSINGER,** | |
| **Defendants.** | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**COUNTERCLAIM BY THE ESTATE OF JEFFREY ROLISON**

## I.    INTRODUCTION.

Pursuant to Fed. R. Civ. P. 12(b)(6), The Procter & Gamble U.S. Business Services Company as Plan Administrator and on behalf The Procter & Gamble Profit Sharing Trust and Employee Stock Ownership Plan and The Procter & Gamble Savings Plan ("Procter & Gamble"), respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Counterclaim by the Estate of Jeffrey Rolison ("the Estate").

Procter & Gamble filed this interpleader action to settle competing claims to benefits payable as a result of the death of Jeffrey Rolison, who was a participant in the Procter & Gamble Profit Sharing Trust and Employee Stock Ownership Plan, and the Procter & Gamble Savings Plan.  Each Defendant claims sole entitlement to these benefits.

Procter & Gamble does not dispute that benefits under the Plans are payable as a result of Mr. Rolison's death, and stands ready to disburse the funds to the appropriate beneficiary.  However, Procter & Gamble cannot determine to whom the benefits should be paid based on the evidence currently before it.  As a result, Procter & Gamble initiated this interpleader action to allow the Court to determine to whom benefits under the Plans should be paid, while avoiding multiple liability for its administration of the adverse claims.

Nevertheless, the Estate now has asserted a counterclaim against Procter & Gamble for breach of fiduciary duty based on Procter & Gamble's inability to determine that the Estate is entitled to the benefits under the Plans.  The Estate's counterclaim fails as a matter of law because it contravenes the express purpose of an interpleader action.  As such, the Estate's counterclaim should be dismissed.

## II.   FACTUAL BACKGROUND.

Jeffrey Rolison, ("Decedent"), was a former employee of The Procter & Gamble Company ("Procter & Gamble") who was a participant in The Procter &

Gamble Profit Sharing Trust and Employee Stock Ownership Plan ("PST Plan") and The Procter & Gamble Savings Plan ("Savings Plan) (collectively, "the Plans").[1] The Plans are employee benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq*. ("ERISA").[2]

Decedent passed away on December 14, 2015, shortly before his planned retirement from Procter & Gamble.[3]  As of April 19, 2017, Decedent was entitled to $745,774.12 from the PST Plan, and $8,232.44 from the Savings Plan.[4]  Defendant, Margaret M. Losinger ("Losinger"), asserted claims for benefits from the Plans based on a beneficiary designation completed by Decedent on April 27, 1987, as part of his application for participation in the PST Plan.[5]  That beneficiary designation names Losinger[6] as the sole beneficiary under the Plans and bears Decedent's signature.[7]

The Estate filed suit against Procter & Gamble and Losinger in the United States District Court for the Eastern District of Pennsylvania on August 12, 2016, alleging, among other claims, that Decedent's amendments to his 1987 beneficiary

---

[1]     Compl. ¶¶ 1, 13.
[2]     *Id.* at ¶ 2.
[3]     *Id.* at ¶ 13.
[4]     *Id.* at ¶ 12.
[5]     *Id.* at ¶ 14.
[6]     Losinger used her former name, Sjostedt, at the time of the beneficiary designation's completion.
[7]     *Id.*

designation were lost in a transition between the Plans' third-party recordkeepers in the fall of 2015.[8]  The Estate voluntarily dismissed that case on August 22, 2016.

Because the Estate had not provided any documents to Procter & Gamble to support its claim to the funds, Procter & Gamble could not determine whether the Estate has sufficient evidence to show that Decedent made changes to designate someone other than Losinger as his beneficiary for the Plans.[9]  Thus, Procter & Gamble initiated this interpleader action because it fears being subjected to claims from Losinger and the Estate as a result of their competing claims for benefits under the Plans.

On July 10, 2017, the Estate filed an Answer to the Interpleader Complaint, a Crossclaim against Losinger, and Counterclaim against Procter & Gamble.[10]  The Estate's Counterclaim against Procter & Gamble is based on its unfounded assertion that Procter & Gamble breached its fiduciary duty under ERISA by failing to resolve in its favor the competing claims to the benefits under the Plans.[11]

## III.   LEGAL STANDARD.

The Third Circuit has adopted a three-step process for analyzing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), as follows:

---

[8]      *Id.* at ¶ 15.
[9]      *Id.* at ¶ 16.
[10]     ECF No. 13.
[11]     *Id.* at ¶¶ 61-63.

To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps.  First, we outline the elements a plaintiff must plead to state a claim for relief.   Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth.   Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief."  This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

With regard to the first step of the analysis, Fed. R. Civ. P. 8(a)(2) requires a complaint to minimally contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[13]   While that Rule does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."[14]   Thus, a complaint cannot merely offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[15]  Moreover, and of particular importance for this motion, "'Rule 12(b)(6) authorizes a court to dismiss a claim based on a dispositive issue of law.'"[16]

---

[12]   *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

[13]   *Ashcroft v. Iqbal*, 556 U.S. 662, 667-68 (2009).

[14]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15]   *Id*.

[16]   *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

## IV.   ARGUMENT.

### A.   The Estate's Counterclaim Fails As A Matter Of Law Because It Contravenes The Purpose Of An Interpleader Action.

An interpleader action "allows a person holding property to join in a single suit two or more persons asserting claims to that property."[17]   The plaintiff in an interpleader action acknowledges that it is liable to one of the claimants but fears being subjected to multiple liability based on its resolution of the competing claims.[18]   "Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings."[19]   Therefore, interpleader affords the parties the most efficient means of resolving competing claims by precluding multiple liability against the stakeholder while the claimants resolve their claims in a single action.[20]

An interpleader action typically proceeds in two stages:  first, the court must determine whether the interpleader complaint was properly brought and whether the stakeholder should be discharged from liability.[21]   If the court concludes that the

---

[17]    *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) (quotation omitted).
[18]    *Id.*
[19]    *Id.*
[20]    *Id.*
[21]    *NY Life Distribs., Inc. v. The Adherence Group, Inc.*, 72 F.3d 371, 375 (3d Cir. 1995).

interpleader complaint was properly brought, it then determines the respective rights of the competing claimants to the interpleaded funds.[22]

Critically, a counterclaim seeking the interpleaded funds asserted by one of the competing claimants in a properly-brought interpleader action is subject to dismissal.[23]  For instance, the Third Circuit Court of Appeals affirmed summary judgment in *Hovis* in favor of an insurer (Prudential) on an interpleader defendant's counterclaims that were based on Prudential's alleged failure to resolve competing claims to proceeds from a life insurance policy in Hovis' favor.[24]  Hovis alleged, among other things, that Prudential breached its fiduciary duty by failing to process the decedent's request to change the primary beneficiary of the policy from her son to Hovis, which resulted in competing claims to the policy's death benefit by Hovis and the decedent's son.[25]

The Third Circuit affirmed the dismissal of Hovis' counterclaims because they contravened the nature of an interpleader action, which Prudential properly

---

[22]     *Id.*

[23]     *Prudential Ins. Co. of Am. v. Hovis,* 553 F.3d 258 (3d Cir. 2009); *Amethyst Int'l, Inc. v. Duchess*, 2014 U.S. Dist. LEXIS 21089, *24-31 (D.N.J. Feb. 20, 2014) (citing *Hovis*, 553 F.3d at 259, 264, 266 (dismissing counterclaims against interpleader plaintiff based on plaintiff's refusal to resolve disputing claims in counterclaimant's favor because counterclaims contravened purpose of interpleader, which is to resolve legitimate dispute over entitlement to interpleaded funds).

[24]     *Hovis*, 553 F.3d at 261.

[25]     *Id.*

brought.[26]  Indeed, the court held, "[W]here a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty."[27]  Because Hovis' counterclaims stemmed from Prudential's failure to resolve its investigation in his favor, and Prudential properly initiated an interpleader action, the court affirmed their dismissal.

In a similar vein, the District of New Jersey applied *Hovis* to grant an interpleader plaintiff's motion to dismiss counterclaims filed by a defendant.[28]  In *Amethyst* (as in *Hovis* and this case), an interpleader defendant asserted counterclaims (including a breach of fiduciary duty claim) against an insurer (Selective) based on the Selective's failure to resolve competing claims to the proceeds of an insurance policy in the defendant's favor.[29]

The court dismissed the defendant's counterclaims because they specifically sought the interpleaded insurance benefits.[30]  Because Selective chose to recognize the dispute between the claimants and "proceed with an action in interpleader, rather than choosing to pay either of the claimants and face the suit of the other," the court

---

[26]     *Id.* at 265.
[27]     *Id.* (citations omitted).
[28]     *Amethyst Int'l, Inc. v. Duchess*, 2014 U.S. Dist. LEXIS 21089, *24-31 (D.N.J. Feb. 20, 2014).
[29]     *Id.* at *26-31.
[30]     *Id*.

held that the counterclaims were foreclosed by the interpleader action and dismissed them with prejudice.[31]

Here, the parties' pleadings demonstrate that interpleader is proper in this matter.  Moreover, the Estate specifically seeks the interpleaded funds.  Accordingly, the Estate's counterclaims are antithetical to the nature of an interpleader action and should be dismissed.

### C.   The Allegations in the Estate's Counterclaim Definitively Establish that Interpleader is Necessary and Proper.

The Estate specifically pleads that its counterclaim is based on Procter & Gamble's alleged failure to resolve the adverse claims to the benefits under the Plans in its favor and disburse the funds to it.[32]  The allegations made by the Estate, however, establish conclusively that an interpleader action is required to determine to whom the funds should be paid.[33]

Specifically, the Estate first alleges that Decedent amended his beneficiary designation at some unspecified time after 1987 to name Mary Lou Murray the

---

[31]   *Id.* at *31.

[32]   ECF No. 13 at ¶¶ 38-63.

[33]   It is questionable whether any of the Estate's allegations are proper, as they are not based on the Estate's personal knowledge, nor do they provide a reasonable basis for the Estate's "information and belief."  As a result, the allegations do not comply with Fed. R. Civ. P. 11(b)(2).  *See Shenango Inc. v. Am. Coal Sales Co.*, 2007 U.S. Dist. LEXIS 58110, *9-10 (W.D. Pa. Aug. 9, 2007) (quoting *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 73 (1st Cir. 2000)).  On this ground alone, the counterclaim can be dismissed.

beneficiary under the Plans.[34]   The Estate then expressly alleges that Decedent "remov[ed] [Ms. Murray as beneficiary] **in favor of others** after their amicably parting just a few years before his passing."[35]   The Estate does not identify the "others" who allegedly succeeded Ms. Murray as the beneficiaries under the Plans.

The Estate further pleads that, to its knowledge, Decedent "entered several other beneficiary designations superceding [sic] and replacing Defendant Losinger and demonstrably had done so with respect to other benefit or investment accounts."[36]   Again, the Estate does not identify the "others" whom Decedent allegedly identified as beneficiaries under the Plans, nor has it provided any evidence to support these claims.   Rather, it merely alleges that the funds should ***not*** be paid to Losinger.[37]

Moreover, the Estate's allegations and admissions in its Answer to Procter & Gamble's Interpleader Complaint establish that an interpleader action is required to resolve the adverse claims to the interpleaded funds.   For instance, in paragraph 19 of the Answer to the Interpleader, the Estate responded:  "Admitted that Plaintiff is faced with a dilemma resolvable through an Interpleader action."[38]   The Estate

---

[34]     *Id.* at ¶ 44.

[35]     *Id.* (emphasis added).

[36]     *Id.* at ¶ 47.

[37]     *Id.* at ¶¶ 40-41.

[38]     *Id.* at ¶ 19.

further admits that Procter & Gamble is ready to disburse the funds to the appropriate party, but that the adverse claims to the funds have caused it to refrain from disbursing the funds to either Defendant or any other person.[39]

In other words, according to the Estate's own allegations and admissions, the person(s) to whom the funds should be paid cannot be identified except through an interpleader action.  Therefore, Procter & Gamble's initiation of this lawsuit and alleged failure to resolve the disputed claims cannot give rise to a breach of fiduciary duty claim.[40]  As a result, the Estate's counterclaim should be dismissed.

## V.    CONCLUSION.

For the foregoing reasons, Procter & Gamble respectfully requests that the Court dismiss the Estate's counterclaim with prejudice.

Respectfully submitted:

s/ René E. Thorne
Bianca N. Iozzia (Bar Id. No.: 319326)
**JACKSON LEWIS P.C.**
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Telephone:  (267) 319-7802
Fax: (215) 399-2249
Bianca.Iozzia@jacksonlewis.com

---

[39]    *Id.* at ¶ 20 (admitting Plaintiff's allegations that "circumstances have caused it to refrain from making payment [of the interpleaded funds] to either Defendant or any other person).

[40]    *Hovis*, 553 F.3d at 265.

René E. Thorne
Admitted *pro hac vice*
ThorneR@jacksonlewis.com
**JACKSON LEWIS P.C.**
650 Poydras Street, Suite 1900
New Orleans, Louisiana  70130
Telephone:   (504) 208-1755
Facsimile:    (504) 208-1759

**COUNSEL FOR PLAINTIFF**

Dated:  August 30, 2017

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 30, 2017, a true and correct copy of the above and foregoing document was served through the Court's ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*s/ René E. Thorne*
René E. Thorne

4814-2218-3502, v. 1