# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PROCTER & GAMBLE U.S. BUSINESS SERVICES COMPANY, As Plan Administrator And On Behalf Of THE PROCTER & GAMBLE PROFIT SHARING TRUST AND EMPLOYEE STOCK OWNERSHIP PLAN and THE PROCTER & GAMBLE SAVINGS PLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>ESTATE OF JEFFREY ROLISON, Deceased, *et al*<br><br>    Defendants. | Case No. 3:17-cv-00762-ARC<br>Honorable A. Richard Caputo |

## **FIRST AMENDED COMPLAINT FOR INTERPLEADER**

Plaintiff, The Procter and Gamble U.S. Business Services Company ("Plaintiff"), in its capacity as Plan Administrator and on behalf of The Procter & Gamble Profit Sharing Trust and Employee Stock Ownership Plan ("PST Plan") and The Procter & Gamble Savings Plan ("Savings Plan") (collectively "the Plans"), for its First Amended Interpleader Complaint, adds as a defendant Mary Lou Murray and alleges as follows:

1.      This is an action for interpleader pursuant to Rule 22 of the *Federal Rules of Civil Procedure* to determine entitlement to certain funds payable by reason

of the death of Jeffrey Rolison ("Jeffrey Rolison"), who was a participant in the Plans.

## THE PARTIES

2. Plaintiff, a subsidiary of The Procter & Gamble Company ("P&G"), is incorporated under the laws of the State of Ohio with its primary place of business in Cincinnati, Ohio. Plaintiff, as the Plan Administrator, is solely responsible for the determination and payment of claims under the Plans. The Plans are employee benefit plans as defined by 29 U.S.C. § 1002, of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").

3. Defendant, Estate of Jeffrey Rolison ("Defendant Estate"), is domiciled in the State of Pennsylvania.

4. Defendant, Margaret M. Losinger ("Defendant Losinger"), is domiciled in the State of Pennsylvania.

5. Defendant, Mary Lou Murray ("Defendant Murray"), is domiciled in the State of Pennsylvania.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action pursuant to the provisions of 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because this action involves competing claims for benefits and to enforce rights pursuant to the Plans, both of which are governed by ERISA. Each Defendant, as an actual, putative, or

potential beneficiary of the Plans at issue, could bring an action against Plaintiff for recovery of benefits pursuant to ERISA's civil remedies provisions, 29 U.S.C. § 1132 *et seq*. Thus, subject matter jurisdiction exists in this matter because the potential actions would present a substantial question of federal law.

7. Additionally, a Rule 22 interpleader action, which is fundamentally equitable in nature, is a remedy available to plan fiduciaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), for the purpose of avoiding multiple liability to adverse claimants for the same benefits.

8. This Court has personal jurisdiction over Defendant Estate as it is an entity that exists pursuant to the law of, and is administered in, the State of Pennsylvania, and has a potential interest in the Plans.

9. This Court has personal jurisdiction over Defendant Losinger in that she is a citizen and resident of the State of Pennsylvania, and claims to have an interest in the Plans.

10. This Court has personal jurisdiction over Defendant Murray in that she is a citizen and resident of the State of Pennsylvania, and claims to have an interest as a putative beneficiary of Jeffery Rolison's Plan accounts.

11. Venue is appropriate pursuant to 28 U.S.C. § 1391 and 11 U.S.C. § 1132(e)(2) in that, upon information and belief, all of the Defendants reside and the Plans are administered in part in this District.

## BENEFITS UNDER THE PLANS

12. The PST Plan is designed to help employees of P&G accumulate assets for retirement by making them owners in the company. P&G makes annual contributions of P&G Preferred stock and cash, which is immediately invested in P&G Common stock, to participant accounts. Participants may designate account beneficiaries in accordance with the documents and instruments governing the PST Plan. The PST Plan sets out the methods for designating beneficiaries.

13. The Savings Plan was established on July 1, 2007, as a separate 401(k) plan that included assets transferred from the PST Plan. If a PST Plan participant had a beneficiary designation in place for the PST Plan, the same beneficiary was applied to the Savings Plan for that participant.

14. As of April 19, 2017, Jeffrey Rolison, as a former participant of the Plans, was entitled to $745,774.12 from the PST Plan and $8,232.44 from the Savings Plan.

## THE COMPETING CLAIMS

15. Jeffrey Rolison passed away on December 14, 2015, shortly before his planned retirement from P&G.

16. Defendant Losinger (formerly Margaret Sjostedt) brought claims for benefits from the Plans based on a beneficiary designation completed by Jeffrey Rolison on April 27, 1987, as part of his application for participation in the PST

Plan. That beneficiary designation names Defendant Losinger[1] as the beneficiary under the Plans. The beneficiary designation bears Mr. Rolison's signature.

17. Defendant Estate brought a lawsuit against P&G and Defendant Losinger in the U.S. District Court for the Eastern District of Pennsylvania on August 12, 2016, alleging *inter alia* that changes Jeffrey Rolison made to his 1987 beneficiary designation were lost in a transition between the Plans' third-party recordkeepers in the fall of 2015. The lawsuit also raises issues about the facts and circumstances of Jeffrey Rolison's relationship with Defendant Losinger and the Decedent's asset management practices.

18. Plaintiff does not know whether Defendant Estate has sufficient evidence to support its claim that Jeffrey Rolison made changes to designate someone other than Defendant Losinger as his beneficiary for the Plans.

19. Defendant Murray notified P&G on or about May 7, 2018 that she intends to establish that she is the common-law spouse of Jeffrey Rolison and, as his spouse, is the sole beneficiary under the Plans.

20. Plaintiff does not know whether Defendant Murray is the common-law spouse of Jeffrey Rolison or whether Defendant Murray has a legitimate interest in the Plans.

21. Thus, Plaintiff cannot predict how a court would rule on these

---

[1] Defendant Losinger used her former name, Sjostedt, at the time of the beneficiary designation.

competing claims and fears being subjected to claims from Defendant Estate, Defendant Losinger, and Defendant Murray.

## COUNT I:  INTERPLEADER

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21 of the Complaint.

23. Plaintiff is an innocent stakeholder with no claim or interest in the disputed funds and who has not incurred any independent liability to any of the Defendants.  Plaintiff is unable to determine which of Defendants are entitled to the funds at issue in this matter without facing the threat of having to litigate separate, conflicting claims and the potential for double liability.  Accordingly, Plaintiff cannot reasonably pay these funds to any of the adverse claimants.

24. Plaintiff stands ready to pay the appropriate party the funds at issue in this matter.  Although Plaintiff claims no beneficial interest in these funds, the circumstances have caused it to refrain from making payment to any Defendant or any other person.

25. Plaintiff asks the Court to interplead the above-named Defendants for purposes of enforcing the terms of the applicable plan documents regarding proper disbursement of the funds at issue in this matter.

## COUNT II: CLAIM FOR EQUITABLE RELIEF PURSUANT TO SECTION 502(a)(3)(B)(ii) OF ERISA

26. Plaintiff incorporates by reference the allegations set forth in

paragraphs 1 through 25 of the Complaint.

27. Plaintiff is an ERISA fiduciary for the Plans. In addition, the Plans are legal entities imbued with standing to sue or be sued under ERISA.

28. Plaintiff has a fiduciary duty under ERISA and the respective plan documents to disburse the funds at issue according to the terms of the plan documents and the information provided to Plaintiff by claimants. In this matter, Plaintiff faces potential conflicting claims for the disputed funds. Plaintiff therefore needs the assistance of the Court to inquire into the matter and to adjudicate the interests of the Defendants.

29. Pursuant to Section 502(a)(3)(B)(ii) of ERISA, Plaintiff asks the Court to interplead the above-named Defendants for purposes of enforcing the terms of the applicable plan documents regarding proper disbursement of the funds at issue in this matter.

## COUNT III:  PETITION FOR DECLARATORY JUDGMENT

30. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 29 of the Complaint.

31. As noted above, Plaintiff is unable to determine which of the Defendants are entitled to the funds at issue in this matter without facing the threat of multiple lawsuits and the potential for double liability.

32. Each Defendant appears to have a colorable claim to the disputed funds

and could, separately or jointly, assert a coercive claim against Plaintiff under the civil enforcement provisions of ERISA, relating to said funds.

33. Pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a), this Court has jurisdiction and authority to declare the rights of Plaintiff and the adverse claimants, the Defendants herein, with respect to the funds at issue in this matter.

34. The controversy regarding said funds is ripe for determination by the Court in light of the conflicting claims of the Defendants.

35. For purposes of judicial economy, and to avoid piecemeal litigation with the possibility of conflicting results with regard to Plaintiff's liability for dispersal of the funds at issue, the Court should grant Plaintiff's request to interplead the Defendants and declare the rights and obligations of all the Parties.

## **RELIEF REQUESTED**

Plaintiff asks that judgment be entered in its favor and that:

1. The Court determine the rights of each Defendant in this matter;

2. The Court enjoin and restrain each of the Defendants from instituting any other legal proceeding against Plaintiff, the Plans, P&G, and any and all P&G subsidiaries;

3. In the event it is determined that any other person not yet joined as a party to this action may make a claim for, or be entitled to, the funds at issue in

this matter, that such person be joined and subjected to paragraphs 1 and 2 of this request for relief;

    4.    Plaintiff be fully and finally discharged from all liability under the Plans and dismissed from this action; and

    5.    The Court award such other and further relief as it may deem just and proper, including, but not limited to, an award of Plaintiff's attorney fees and costs associated with this interpleader action.

Respectfully submitted:

*/s/ René E. Thorne*
Bianca N. Iozzia (PA 319326)
**JACKSON LEWIS P.C.**
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Telephone:  (267) 319-7802
Fax: (215) 399-2249
Bianca.Iozzia@jacksonlewis.com

René E. Thorne
(Admitted *pro hac vice*)
ThorneR@jacksonlewis.com
**JACKSON LEWIS P.C.**
650 Poydras Street, Suite 1900
New Orleans, Louisiana  70130
Telephone:  (504) 208-1755
Facsimile:   (504) 208-1759

**COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2017, a true and correct copy of the above and foregoing document was served through the Court's ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*s/ René E. Thorne*
René E. Thorne

4838-1225-0474, v. 1