THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PROCTER & GAMBLE U.S. BUSINESS : | |
| SERVICES COMPANY, as Plan Administrator : | CIVIL ACTION NO. 3:17-CV-762 |
| and on Behalf of THE PROCTER & GAMBLE : | (JUDGE MARIANI) |
| PROFIT SHARING TRUST AND : | |
| EMPLOYEE STOCK OWNERSHIP PLAN : | |
| and THE PROCTER & GAMBLE SAVINGS : | |
| PLAN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| ESTATE OF JEFFREY ROLISON, : | |
| Deceased, MARGARET M. LOSINGER, : | |
| and MARY LOU MURRAY, : | |
| : | |
| Defendants. : | |

MEMORANDUM OPINION

I. INTRODUCTION

Defendant Estate of Jeffrey Rolison's Motion to Correct Patent Error and For

Reconsideration of the Estate of Jeffrey Rolison (Doc. 132) is pending before the Court.

With this motion, Defendant Estate of Jeffrey Rolison ("Defendant Estate") seeks relief on

two grounds.  First, Defendant Estate requests that the Court correct its "erroneous

disposition" of Defendant Estate's crossclaim against Defendant Margaret M. Losinger

("Defendant Losinger") as set out in the Court's April 6, 2021, Order.  (Doc. 132 at 1.)

Second, pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7.10 of the Local

Rules of Court of the Middle District of Pennsylvania, Defendant Estate seeks

reconsideration of the Court's determination regarding Defendant Estate's Motion to Certify Order for Interlocutory Appeal (Doc. 112). (Doc. 132 at 1.)  For the reasons discussed below, the Court will grant the motion as modified as to Defendant Estate's crossclaim and deny the motion for reconsideration of the Motion to Certify Order for Interlocutory Appeal (Doc. 112).[1]

## II. DISCUSSION

## A. Defendant Estate's Crossclaim Against Defendant Losinger

A review of relevant documents indicates that, although Defendant Losinger's motion for summary judgment sought dismissal of Defendant Estate's crossclaim (*see* Doc. 84 ¶ 9), Defendant Losinger did not address the crossclaim in her supporting brief (Doc. 85) or raise the issue in her supplemental brief in support of the motion (Doc. 96).  Therefore, the merits of the crossclaim against Defendant Losinger were not briefed by the parties and the Court did not address the merits of Defendant Estate's crossclaim against Defendant Losinger in the Court's Memorandum Opinion of July 21, 2020. (*See* Doc. 103 at 9-17.)  However, in the July 21, 2020, Memorandum Opinion's "Conclusion" section, the Court stated that "summary judgment in favor of Losinger at to P&G's Interpleader action and the Estate's crossclaim is appropriate at this time." (Doc. 103 at 17.)  In the separately filed Order, the

_____

[1] Defendant Estate failed to file a supporting brief with its motion and, therefore, the motion is improperly filed pursuant to Local Rule 7.10 of the Local Rules of Court of the Middle District of Pennsylvania.  Despite this deficiency, the Court addresses the merits of Defendant Estate's improperly filed motion because the Court recognizes the need to correct the record regarding Defendant Estate's crossclaim against Defendant Losinger.

Court stated that "Defendant Margaret M. Losinger's ("Losinger") Motions for Summary Judgment as to Plaintiff Procter & Gamble U.S. Business Services Company's interpleader action, and the Defendant Estate of Jeffrey Rolison's ("the Estate") crossclaim (Docs. 26, 84, 96) are GRANTED."  (Doc. 104 ¶ 1.)   Because the Court did not address the merits of the crossclaim by analysis in its opinion, there should have been no disposition of the crossclaim in the Court's conclusion (Doc. 103 at 17) or in its accompanying Order (Doc. 104 ¶ 1).

Defendant did not raise the issue of the disposition of the crossclaim in the July 30, 2020, Motion for Reconsideration of the Estate of Jeffrey Rolison (Doc. 105) seeking reconsideration of the Court's grant of summary judgment to Defendant Losinger.  Nor did Defendant Estate mention the crossclaim in its supporting brief (Doc. 106) or reply brief (Doc. 109).  Thus, relying on the uncontested July 21, 2020, Order regarding Defendant Estate's crossclaim (*see* Doc. 104 ¶ 1), the Court noted in its consideration of Defendant Estate's Motion to Certify Order for Interlocutory Appeal (Doc. 112) that summary judgment had been granted to Defendant Losinger on Defendant Estate's crossclaim.  (Doc. 125 at 7.)  This incorrect conclusion was not material to the disposition of Defendant Estate's motion.  (*See id*. at 8.)

Based on the foregoing, the Court recognizes the need for correction of the record. Accordingly, the Court will order that reference to the disposition of Defendant Estate's

crossclaim against Defendant Losinger be stricken from the relevant documents (Doc. 103 at 17; Doc. 104 ¶1; Doc. 125 at 7).

## B. Reconsideration of Motion to Certify for Interlocutory Appeal

Defendant Estate seeks reconsideration of the Court's denial of his Motion for Interlocutory Appeal (Doc. 112) pursuant to Rule 60 of the Federal Rules of Civil Procedure and Local Rule 7.10 of the Local Rules of Court of the Middle District of Pennsylvania. (Doc. 132 at 1.)  Defendant Estate's Motion for Interlocutory Appeal (Doc. 112) requested that the Court certify its July 21, 2020, Memorandum and Order (Docs. 103, 104) and September 24, 2020, Order (Doc. 111) for interlocutory appeal.[2]

Rule 60 of the Federal Rules of Civil Procedure addresses "Relief From a Judgment or Order."  Rule 60(a) allows the Court to "correct a clerical mistake or a mistake arising from  oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. *See* Fed. R. Civ. P. 60(b); *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005).  The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).  The decision to grant or

---

[2] Defendant Estate mistakenly identified Document 111 as the Court's Order of "October 24, 2020" rather than September 24, 2020.  (Doc. 112 at 1.)

deny relief pursuant to Rule 60(b) lies in the "sound discretion of the trial court," and is

guided by accepted legal principles applied in light of all relevant circumstances. *Pierce*

*Associates, Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1988). "A motion

for reconsideration is not to be used as a means to reargue matters already argued and

disposed of ... [n]or is it to be used to put forth additional arguments which could have been

made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat.*

*Bank*, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (citation omitted).

The first five subdivisions of Rule 60(b) delineate specific circumstances which may

justify relief from final judgment. The final subdivision, 60(b)(6), serves as the "catchall

provision" of Rule 60(b). *See Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir.

2002). Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [other

than the specific circumstances set out in Rules 60(b)(1)-(5) ] that justifies relief" from the

operation of the judgment. *See* Fed. R. Civ. P. 60(b). Further, Rule 60(b)(6) "vests power in

courts adequate to enable them to vacate judgments whenever such action is appropriate to

accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949).

In the introductory section of its supporting brief, Defendant Estate asserts that the

Court improperly denied its Motion to Certify for Interlocutory Appeal brought pursuant to 12

U.S.C. § 1292(b) (Doc. 112):

> Consistently with its prior treatment of the Estate's motions, the Court avoided
> proper decision on the Estate's Motion to Certify by avoiding consideration of
> its actual arguments, substituting instead its own rationale for summary
> judgment (or paper tiger). By this avoidance, the Court first implicitly

acknowledges the strength of the Estate's case. The Court's avoidance is particularly pronounced given the purposes and legal analysis animating decision on request to pursue a 12 U.S.C. § 1292(b). That statutory provision is concerned specifically to allow an immediate appeal to resolve "a controlling question of law as to which there is substantial ground for difference of opinion" for which "an immediate appeal... may materially advance the ultimate termination of the litigation." There cannot be a fair determination under that standard if the Court does not even consider the questions proffered for resolution by appeal. The Court's departure from the 12 U.S.C. § 1292(b) decisional standards violated the Estate's rights to due process. Reconsideration should be granted.

(Doc. 135 at 2.)

In the "Legal Argument" section of its brief, Defendant Estate posits that "[i]ts arguments never having been reached by the Court, the Estate does not repeat but incorporates by reference its arguments of its Motion to Certify. Its basis for requesting reconsideration is blunt and simple: the Court never considered them and thus denied it due process." (Doc. 135 at 3.) The remainder of the single paragraph devoted to "Legal Argument" of the issue criticizes the Court's rationale for granting summary judgment. (*Id.* at 3-4.) Subsections of the "Legal Argument" portion of the brief do not address Rule 60 or reconsideration. (*See* Doc. 135 at 4-12.) Rather, with the exception of Defendant Estate's brief argument regarding the crossclaim addressed in the preceding section of this Memorandum Opinion, Defendant Estate's legal argument is devoted to criticism of the Court's application of the substantial compliance doctrine in the disposition of its summary judgment motion. (*See* Doc. 135 at 4-5, 6-12.)

First, the Court notes that pursuant to Local Rule 7.8(a) of the Local Rules of Court of the Middle District of Pennsylvania "[n]o brief may incorporate by reference all or any portion of any other brief."  Moreover, Defendant Estate does not assert that it is entitled to relief under any specific provision of Rule 60, nor does Defendant Estate cite any law governing its reconsideration request.[3]  The Court will not *sua sponte* assign a specific legal basis for Defendant Estate's counseled motion when the one paragraph devoted to "Legal Argument" of the issue does not include a single citation to the record or relevant law.  (*See* Doc. 135 at 3-4.)

Notwithstanding this determination, assuming *arguendo* that review of the merits of Defendant Estate's pending motion regarding interlocutory appeal were warranted, the Court disagrees with Defendant Estate's assessment of the analysis of interlocutory appeal issues addressed in the April 6, 2021, Memorandum Opinion (Doc. 125).  Contrary to Defendant Estate's assertion that the Court did not consider its arguments, the Court considered arguments presented, cited appropriate legal standards, distinguished caselaw upon which Defendant Estate relied, and concluded that certification of an interlocutory appeal was not warranted.  (Doc. 125 at 10-15.)  Although Defendant Estate maintains that "the unique facts of this case present a basis for the further development of the law" (Doc. 132 ¶ 28), the Court finds no mistake or error in the application of existing law to this case

---

[3] Although the Motion to Correct Patent Error and For Reconsideration of the Estate of Jeffrey Rolison (Doc. 132) states that reconsideration is sought pursuant to "Civil Rule 60 and LR 7.10" (Doc. 132 at 1), Defendant Estate's supporting brief (Doc. 135) does not mention either rule.

as analyzed in the Memorandum Opinion addressing the Motion for Interlocutory Appeal.

(*See* Doc. 125 at 2-15.)  Further, because a motion for reconsideration "is not to be used as

a means to reargue matters already argued and disposed of," *Waye*, 846 F. Supp. at 314,

Defendant Estate Counsel's ongoing criticism of the Court's adjudication of its summary

judgment motion is of no legal significance.[4]  Thus, Defendant Estate's motion regarding

reconsideration of the Court's April 6, 2021, Memorandum Opinion and Order (Docs. 125,

126) is properly denied.[5]

## III. CONCLUSION

For the foregoing reasons, the Motion to Correct Patent Error and For

Reconsideration of the Estate of Jeffrey Rolison (Doc. 132) will be granted as modified in

part and denied in part.  The motion will be granted as modified insofar as references to the

disposition of Defendant Estate's crossclaim against Defendant Losinger in the Court's

Memorandum Opinion and Order of July 21, 2020 (Doc. 103 at 17; Doc. 104 ¶ 1) and

---

[4] Defendant Estate counsel's claims of partiality and derogatory remarks about the Court's handling of this case (*see*, *e.g.*, Doc. 135 at 2, 4, 5, 6) exhibit an unacceptable and reckless lack of professionalism. Regarding a brief in which counsel "repeatedly cast[] aspersions on the District Court's analytic ability," a panel of the Court of Appeals for the Third Circuit commented that the aspersions "utterly fail to advance . . . legal arguments . . . [and] reflect poorly on . . . counsel."  *Swinka Realty v. Lackawanna County Tax Claim Bureau*, 688 F. App'x 146, 148 (3d Cir 2017) (not precedential).  *Swinka* added that counsel was "ethically bound to avoid reckless aspersions on the integrity or qualifications of a judge."  *Id.* at 148 n.3 (citing Pa. Rule Prof. Conduct 8.2(a)).  *Swinka's* assessment reinforces this Court's caution that, going forward, Defendant Estate's counsel is strongly advised to alter his stylistic approach in submissions to the Court.

[5] Although the Court denied the Motion for Interlocutory Appeal on substantive grounds, the Court also identified Federal Rule of Civil Procedure 54(b) as a potential procedural vehicle to allow appeal of the Court's decision.  (*See* Doc. 125 at 8 n.2.)

Memorandum Opinion of April 6, 2021 (Doc. 125 at 7) are stricken.  The motion will be

denied in all other respects.  Thus, Defendant Estate's counterclaim against Plaintiff and its

crossclaim against Defendant Losinger remain pending before the Court.  A separate Order

shall be filed simultaneously with this Memorandum Opinion.

 

_____

Robert D. Mariani
United States District Judge