UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PROCTOR & GAMBLE U.S. BUSINESS SERVICES COMPANY, *As Plan Administrator And On Behalf Of The Procter & Gamble Profit Sharing Trust and Employee Stock Ownership Plan,* et al., <br><br> Plaintiffs, <br><br> v. <br><br> ESTATE OF JEFFREY ROLISON, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:17-CV-00762 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

Procter & Gamble U.S. Business Services Company ("Procter and Gamble") filed this lawsuit under the Employee Retirement Income Security Act ("ERISA") 29 U. S. C. §§ 1001 *et. seq.* in its capacity as plan administrator of The Procter & Gamble Profit-Sharing Trust and Employee Stock Ownership Plan and the Procter & Gamble Savings Plan. (Doc. 1). Proctor and Gamble brought this action to determine who is entitled to decent Jeffery Rolison's ("Rolison") investment plan funds following his death in 2015. (Doc. 1). Proctor and Gamble filed its initial complaint in April of 2017 against Margaret Losinger ("Losinger") and the Estate of Jeffrey Rolison ("the Estate"). (Doc. 1). Before the Court is a motion for reconsideration of this Court's "June 30, 2025 Order As To Its Granting Defendant Losinger Motion For Bond." (Doc. 254). For the following reasons, the motion will be **DENIED**. (Doc. 254).

I.  **BACKGROUND**

Having laid out the factual background of this case in numerous memorandums throughout this litigation, the Court will provide an abbreviated version here as it relates to the instant motion. This case revolves around the investment funds Rolison accrued while employed at Proctor and Gamble. (Doc. 222, at 2). In accordance with ERISA, these funds were distributed to Losinger, the named beneficiary on his plans. (Doc. 222, at 2). The Estate challenged this distribution, seeking the creation of a constructive trust in its favor. (Doc. 222, at 13). The Estate also asserted a crossclaim against Proctor and Gamble, the plan administrator, claiming it breached its fiduciary duties to Rolison. (Doc. 222, at 6).

Currently, the case is on appeal to the Third Circuit for this Court's rulings on various parties' motions for summary judgment. (Doc. 234). Relevant to the pending motion, on May 30, 2025, this Court granted the Estates' motion for a stay pending appeal and Losinger's request that a bond be posted. (Doc. 253). The Estate was directed to post a bond in accordance with Rule 62(b) in the full amount of the judgment. (Doc. 253, at 3). In response, the Estate filed the instant motion for reconsideration on June 11, 2025. (Doc. 254). On June 12, 2025, the Estate filed a brief in support of its motion. (Doc. 255). On June 25, 2025, Proctor and Gamble filed a brief in response to the Estate's motion for reconsideration.[1] (Doc.

---

[1] P&G filed their response to clarify an error in the Estate's filing. (Doc. 256). P&G provides: "[i]n its Motion, the Estate repeatedly refers to the proceeds of Jeffrey Rolison's retirement accounts as being held in 'escrow.' To clarify, and per the parties' agreement in 2020, the funds are being held in the Plans in low risk money market funds, not in 'escrow.'" (Doc. 256).

256). On July 9, 2025, Losinger filed a brief in opposition. (Doc. 257). No reply brief or response has been filed within the applicable deadlines. Accordingly, the motion is ripe and ready for disposition.

## II.  STANDARD FOR MOTION FOR RECONSIDERATION

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (citation omitted); *see also Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994), *aff'd,* 31 F.3d 1175 (3d Cir. 1994). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a judgment may be amended or altered if the party seeking reconsideration shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677 (citation omitted). "By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, No. CV 10-1609, 2017 WL 432947, at *1 (W.D. Pa. Feb. 1, 2017).

## III.  DISCUSSION

As a primary matter, the Estate's brief in support of its motion for reconsideration, as has become par for the course when it comes to the Estate's filings, is unorganized, difficult to follow, and in some areas incoherent. (Doc. 255). It appears that the Estate's primary

complaint is that Court's imposition for a bond pending appeal is "arbitrary," however, the Estate also revisits previous rulings, including those from Judge Mariani denying the Estate an interlocutory appeal. (Doc. 255, at 1). The Estate complains, that it is "uncertain as to why the Court ignores this and the multitude of glaring errors it calls to its attention and instead seemingly defers to any request of Losinger," and Estate takes issue with the Court "turning a blind eye to the profound jurisdictional and procedural errors that began with it2s [sic] July 21, 2020 decision and vitiated the integrity of its subsequent April 24, 2424 Decision." (Doc. 255, at 2-3). What the Estate fails to do is direct the Court to any new evidence, intervening change of the law, or a clear error of law (or any law for that matter). (Doc. 255); *see Max's Seafood Café*, 176 F.3d at 677. As articulated by Losinger in opposition to the Estate's motion, "[t]he Estate continues to rehash its old rejected arguments in an effort to avoid the potential exposure it might face in the likely event of either Losinger's, P&G's, or both, successful defense of the estate's appeal." (Doc. 257, at 2).

Given courts' preference for finality, "motion[s] for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.,* 884 F. Supp. 937, 943 (E.D. Pa. 1995). Consistently, courts have concluded that a motion for reconsideration is not a proper avenue to relitigate issues already resolved by the Court. *Drysdale v. Woerth,* 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001); *see Cabrera v. Scism*, No. 1:10-CV-1821, 2010 WL 4537910 (M.D. Pa. Nov. 3, 2010); *see also Cox v. Monica*, No. CIV.A. 1:07-CV-0534, 2008 WL 111991, at *3 (M.D. Pa. Jan. 9, 2008); *Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 314 (M.D.Pa.1994) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), *aff'd,* 31 F.3d 1174 (3d Cir. 1994). Here, the Estate's motion and accompanying brief

read as an attempt to relitigate issues already resolved by this Court. (Doc. 255). Indeed, the Estate has already initiated an appeal in this case and requested that the Third Circuit review its previous findings. In arguing against the Court's findings as they relate to the bond award, the Estate fails to specifically address the law applied by this Court or put forward any compelling case law suggesting there has been a clear error resulting in manifest injustice. *Max's Seafood Café*, 176 F.3d at 677. While the Estate appears to take issue with the fact that this Court never made a "merits" determination in disposition of the motion to stay, it fails to take into account it agreed to a stay of this case pending appeal, a position it reasserts in consideration of this motion by stating "[*w*]*hile the Estate is confident that its request for a Stay was fully substantiated*, [it] moves for reconsideration of the Order's arbitrary imposition on it of a Bond." (Doc. 255, at 1). Accordingly, the Estate's motion for reconsideration is **DENIED**. (Doc. 254); *see John C.B. v. Bisignano*, No. CV 24-6049, 2025 WL 1737780, at *1 (E.D. Pa. June 23, 2025) (denying a motion for reconsideration where the movant failed to introduce new evidence, intervening change of the law, or a clear error of law).

IV. **CONCLUSION**

Based on the foregoing, the Estate's motion for reconsideration is **DENIED**. (Doc. 254). An appropriate Order follows.

Dated: October 27, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**